IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID A. HESS,

        Petitioner,

    v.                           CASE NO. 2:04-cv-1144
                                    JUDGE MARBLEY
                                    MAGISTRATE JUDGE ABEL

MICHELLE EBERLIN, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, respondent's supplemental response, petitioner's reply, and the exhibits of the parties.

This case involves petitioner's convictions after a jury trial in the Jefferson County Court of Common Pleas on aggravated burglary, theft, and carrying a concealed weapon, with firearm specifications.  Petitioner's convictions were affirmed by the Ohio Court of Appeals and Ohio Supreme Court.  Petitioner filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B); however, the state courts refused to consider the merits of petitioner's claims, concluding that any allegation of ineffective assistance of appellate counsel was barred under the doctrine of *res judicata*.  In March 2003, petitioner filed a petition for post conviction relief in the state trial court; however, the trial court has yet to rule on it.  Petitioner asserts in this federal habeas corpus petition that he was denied a fair trial due to a breach of pre-trial agreement by the prosecutor, improper jury

instructions, amendment of the indictment by the trial judge, insufficiency of the evidence, and

denial of the effective assistance of counsel.  It is the position of the respondent that petitioner's

claims are unexhausted, procedurally defaulted, or without merit.  For the reasons that follow, the

Magistrate Judge **RECOMMENDS** that claims one through four, and claims six and seven be

**DISMISSED** and that respondent be **DIRECTED** to provide a copy of the state trial transcript

within twenty (20) days of the date of this order so that the Court may properly consider whether

petitioner has established cause and prejudice for his procedural default of claim five.

## I.  FACTS

This case involves the following facts, as summarized by the Seventh District Court of

Appeals:

> At 8:30 p.m. on May 9, 2002, Alex and Mary Kay Basluke left their home to visit Mr. Basluke's sister. They returned home approximately two hours later. Mrs. Basluke proceeded inside their home while Mr. Basluke went to the garage to feed their cat and put it away for the night. When he entered the garage, he noticed some things were out of place, notably a rifle, and smelled marijuana. He picked up the rifle and proceeded to discover Hess hiding behind a set of shelves. Mr. Basluke ordered Hess into a chair at gunpoint and called the police. After the police arrived, they discovered Hess' vehicle parked down an alley. Firearms and other items stolen form the Baslukes' garage were in that vehicle's trunk. Hess claimed that two men approached him and offered to trade him the stolen items for his car and that he did not know the items were stolen. He stated he believed the garage belonged to those two men.

> Hess was arrested. The complaint initially filed against him charged him with robbery. Subsequently, Hess was indicted for aggravated burglary, two counts of theft, receiving stolen property, and carrying as concealed weapon. Most of those offenses carried firearm specifications. The case proceeded to a jury trial. The jury found Hess guilty of aggravated burglary, theft, and carrying a concealed weapon with the firearm specifications. The trial court sentenced Hess for those offenses, except that it sentenced Hess for burglary

2

rather than aggravated burglary, to an aggregate prison term of nine years.

Exhibit 10 to Return of Writ.

## II.  PROCEDURAL HISTORY

Petitioner was indicted by the spring 2001 term of the Jefferson County grand jury on aggravated burglary, in violation of O.R.C. §2911.11(A)(2), theft, in violation of O.R.C. §2913.02(A)(1), carrying a concealed weapon, in violation of O.R.C. §2923.12, and receiving stolen property, in violation of O.R.C. §2913.51, with firearm specifications.  Exhibit 1 to Return of Writ.  Counts three and four of the indictment were dismissed at the request of the prosecutor.  Exhibit 3 to Return of Writ.  While represented by counsel, petitioner proceeded to jury trial, and was found guilty of aggravated burglary, theft, and carrying a concealed weapon, with firearm specifications.  Exhibit 4 to Return of Writ.  On August 19, 2002, petitioner was sentenced to an aggregate term of nine years.  Exhibit 5 to Return of Writ.  Represented by new counsel, petitioner filed a timely appeal of his convictions and sentence to the Seventh District Court of Appeals.  He asserted the following assignments of error:

> The jury verdict of guilty for the offenses of burglary (with a one year firearm specification), theft (with a one year firearm specification) and carrying a concealed weapon (with a prior conviction specification) was against the manifest weight of the evidence.

Exhibit 7 to Return of Writ.  Petitioner filed a *pro se* supplemental brief in which he additionally asserted:

> The original complaint filed against appellant was amended changing the name or identity of the original crime charged, prejudicing petitioner.

Subsequent amendment to the original complaint.

De facto amendment to the indictment by trial court.

Breach of contract by the State.

An improper charge when instructing the jury on the crime of aggravated burglary.

Cumulative error violating appellant's rights.

Exhibit 9 to Return of Writ.  On December 2, 2003, the appellate court affirmed the judgment of the trial court.  Exhibit 10 to Return of Writ.  Proceeding *pro se*, petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court in which he asserted the same propositions of law.  Exhibit 12 to Return of Writ.  On April 28, 2004, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Exhibit 13 to Return of Writ.  On February 20, 2004, petitioner also filed a *pro se* delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).  Exhibit 14 to Return of Writ.  On March 12, 2004, the appellate court denied the application.  Represented by the Ohio Public Defender, petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court.  He asserted the following propositions of law:

1.  Adding a *pro se* argument to appellate counsel's brief on direct appeal does not cause a criminal appellant to automatically waive his ability to assert ineffective assistance of appellate counsel pursuant to App.R. 26(B).

2.  There is insufficient evidence to convict a person of carrying a concealed weapon, to wit, a knife, when the State fails to make any showing that: 1) the knife was designed or specifically adapted for

4

use as a weapon; or 2) that the defendant possessed, carried, or used the knife as a weapon.

Exhibit 17 to Return of Writ.  On July 14, 2004, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  Exhibit 18 to Return of Writ.

On March 4, 2003, petitioner filed a petition to vacate or set aside his sentence in the trial court, alleging these errors:

> 1.  The ineffective assistance of counsel due to counsel's failure to request a continuance to prepare for trial, failure to negotiate a plea bargain, and failure to file a motion to suppress evidence and statements, despite petitioner's requests.

> 2.  Judicial misconduct.

> Trial judge committed reversible error when he did not remove juror #5 after finding out friendship status between juror #5 and assistant prosecutor Ms. Baez.

> 3.  Judicial misconduct.

> Trial judge mislead the jury into finding defendant guilty of aggravated burglary.

> 4.  Prosecutorial misconduct.

> Prosecutor compelled defendant to waive his preliminary hearing in exchange for complaint to be amended to one count of grand theft, [and] one count of breaking and entering.  Prosecutor did not adhere to this.

Exhibit 20 to Return of Writ.  On September 17, 2004, petitioner filed a motion to amend his petition, alleging the following errors:

1.  Prosecutor breached agreement to agreed upon amended charges.

2.  Petitioner was illegally convicted and sentenced for a crime that the jury did not find him guilty of.

3.  Petitioner was denied the effective assistance of counsel.

Counsel was ineffective for failing to object to the breach of agreement in respect to the agreed upon charges of grand theft and breaking and entering which were not honored by the State.

Counsel was ineffective for failing to object to juror number five waving to the prosecutor during the trial, and having the juror removed and replaced with alternate juror.  Juror number 5 was the prosecutor's assistant's band parent in high school; juror's son was in the band with prosecutor's assistant.  Prosecutor's assistant graduated with juror's son.

Counsel was ineffective for failing to object to the trial judge removing the essential elements of aggravated burglary, and adding them as "additional findings."  Counsel should have objected to this, arguing that this amounted to an improper amendment to the indictment[.]

Counsel was ineffective for failing to object to the erroneous jury instruction given to the jury [with] respect to the charge of aggravated burglary.

Counsel was ineffective for failing to object to the jury's verdict of guilty to the charge of aggravated burglary, and request [sic] that Mr. Hess be acquitted of the charge, or request [sic] that a mistrial or new trial be granted.

Counsel was ineffective for failing to argue for an acquittal [with] respect to carrying a concealed weapon.  There was insufficient evidence to prove that 1) buck knife was designed or specifically adapted for use as a weapon; 2) that Mr. Hess carried, used, or possessed buck knife for use as a deadly weapon.

6

4.  A trial court does not have authority to make findings of fact to impose the maximum consecutive sentences allowable under the law.

Exhibit 21 to Return of Writ.  On December 22, 2004, petitioner filed a "Motion to Compel Ruling on Petition to Vacate or Set Aside Sentence" in the trial court.  Exhibit 22 to Return of Writ. Apparently, however, petitioner's petition for post conviction relief is still pending in the state trial court. *See Supplemental Return of Writ,* at 2.

On December 2, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

1.  Breach of agreement by prosecutor violated petitioner's constitutional rights.

2.  Trial judge removes the essential elements of aggravated burglary, and adds them as additional findings, violating petitioner's constitutional rights.

3.  Trial judge gives erroneous jury instructions, omitting the essential elements of count one of the indictment, constructively amending the indictment, violating petitioner's constitutional rights.

4.  Legally insufficient evidence to support guilty verdict on count one, aggravated burglary.

5.  Legally insufficient evidence to support guilty verdict on count five, carrying concealed weapon.

6.  Petitioner was convicted and sentenced for a crime, by the trial judge, that the jury did not find him guilty of, violating petitioner's constitutional rights.

7. Petitioner was denied the effective assistance of counsel.

It is the position of the respondent that petitioner's claims are unexhausted, procedurally defaulted or without merit.

## II.  CLAIM ONE

In claim one, petitioner asserts that a "breach of agreement by prosecutor violated petitioner's constitutional rights." *Petition,* at 5. Petitioner alleges that, at his May 15, 2002, initial appearance, the prosecutor agreed to charge petitioner with grand theft, not robbery, in return for petitioner's waiver of his preliminary hearing. *Id.* The state appellate court made the following findings regarding this claim:

Difference in Charges between Indictment and Complaint

Hess' first set of arguments concern the fact that he was indicted on different charges than those contained in the complaint originally filed against him. He contends that an indictment which contains charges different than those contained in the complaint is an illegal amendment of the complaint. He further argues that the indictment was a breach of a contract he had with the prosecutor. Finally, he argues that because the indictment was issued one month prior to trial, he was denied the ability to prepare an adequate defense, forcing him to choose between his constitutional rights to a speedy trial and to be informed of the charges against him.

Crim.R. 7(D) provides the trial court may amend the complaint, information, or indictment any time before trial provided no change is made in the name or identity of the crime charged and the defendant is not prejudiced by that change. Hess argues that the indictment issued by the grand jury amended the complaint filed against him and changed the name and identity of the crime charged since the indictment contained different charges than those in the complaint. Accordingly, he believes this was an illegal amendment of the original complaint.

What Hess fails to appreciate is that an indictment is a different charging instrument than a complaint. A complaint is the basic charging instrument in all criminal proceedings in this state. *State v. Wood (*1976), 48 Ohio App.2d 339, 343, 357 N.E.2d 1106. It is a written statement of the essential facts constituting the offense charged and may be made by either a police officer or a private citizen having knowledge of the facts. Crim.R. 3; R.C. 2935.09. In contrast, an indictment is issued by the grand jury after twelve jurors have concurred on the charges. Ohio Const., Article I, Section 10; R.C. 2939.20. It specifies that the defendant has committed a public offense "in ordinary and concise language without technical averments or allegations not essential to be proved." Crim.R. 7(B).

Both the Ohio and United States Constitutions provide that an individual accused of a felony is entitled to an indictment setting forth the nature and cause of the accusation. *State v. Baker* (2000), 137 Ohio App.3d 628, 644, 739 N.E.2d 819. If the accused waives the right to an indictment, then the offense may be prosecuted by information. Crim.R. 7(A). A complaint accusing a person of committing a felony is simply not sufficient to charge someone with a felony under either the Criminal Rules or the State and Federal Constitutions. *See State v. Moore* (2001), 145 Ohio App.3d 213, 215-216, 762 N.E.2d 430. An indictment generally renders any defects in the proceedings arising from the complaint moot. *State v. Washington* (1986), 30 Ohio App.3d 98, 99, 506 N.E.2d 1203. Fundamentally, when the grand jury issued the indictment it did not amend the complaint since it was an indictment, not another complaint. The fact that the indictment contains different charges than the complaint is not a violation of either Crim.R. 7(D) or due process. Hess' argument is meritless.

Hess also claims the prosecutor breached a contract with him when the grand jury indicted Hess. As evidence of this contract, Hess points to a document filed before the case was transferred to the court of common pleas which stated that the complaint would be amended to contain counts of grand theft and breaking and entering rather than robbery. It also stated that Hess waived his right to a preliminary hearing. Finally, it concluded that the matter would be sent to the grand jury. Hess claims this "agreement" was elicited by the State in order to invoke his cooperation and to build a foundation for a plea agreement. He then alleges the State did not inform him that the grand jury might "amend" the complaint.

9

> Besides the fact that it is questionable whether the document Hess points to actually reflects any kind of contract between he and the State, any defect in this procedure would be rendered moot by Hess's subsequent indictment. *See Washington* at 99, 506 N.E.2d 1203. Accordingly, this argument is meritless.

Exhibit 10 to Return of Writ.

The findings of the state appellate court are entitled to a presumption of correctness pursuant to 28 U.S.C. §2254(e):

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, the decision of the Ohio Court of Appeals is binding on this Court unless it is contrary to clearly established federal law or was based on an unreasonable determination of the facts of record:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

A state-court decision will... be contrary to... clearly established

10

> precedent if the state court applies a rule that contradicts the
> governing law set forth in [United States Supreme Court] cases.
>
> ***
>
> A state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts that are
> materially indistinguishable from a decision of this Court and
> nevertheless arrives at a result different from our precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2002).

> [T]he "unreasonable application" prong of § 2254(d)(1) permits a
> federal habeas court to "grant the writ if the state court identifies the
> correct governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts" of petitioner's case.
> *Williams v. Taylor, supra,* at 413, 120 S.Ct. 1495; *see also Bell v.
> Cone,* 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).
> In other words, a federal court may grant relief when a state court has
> misapplied a "governing legal principle" to "a set of facts different
> from those of the case in which the principle was announced."
> *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d
> 144 (2003) (citing *Williams v. Taylor, supra,* at 407, 120 S.Ct. 1495).
> In order for a federal court to find a state court's application of our
> precedent "unreasonable," the state court's decision must have been
> more than incorrect or erroneous. *See Lockyer, supra,* at 75, 123 S.Ct.
> 1166. The state court's application must have been "objectively
> unreasonable." *See Williams v. Taylor,* 529 U.S., at 409, 120 S.Ct.
> 1495.

*Wiggins v. Smith,* 539 U.S. 510, 520-21 (2003).  Petitioner has failed to meet this standard here.

Nothing in the record supports petitioner's allegation that the prosecutor promised not to file robbery

charges against petitioner in return for petitioner's waiver of preliminary hearing.  For the reasons

discussed by the state appellate court, this Court likewise concludes that claim one is without merit.

11

### III.  CLAIMS TWO, THREE, and SIX

In claims two and three, petitioner asserts that he was denied a fair trial due to improper jury instructions on aggravated burglary.  Petitioner asserts that the trial judge improperly removed from the jury instructions the essential elements of the charge.  In claim six, petitioner asserts that the trial court improperly modified the jury's verdict from aggravated burglary to burglary.  *Petition,* at 10. The state appellate court rejected these claims as follows:

> Hess' second category of arguments addresses the fact that he was allegedly sentenced for a crime the jury did not find him guilty of. He claims that in doing so, the trial court improperly made a *de facto* amendment to the indictment and improperly instructed the jury.

> Hess' argument is based upon the fact that although the indictment charged him with aggravated burglary, he was sentenced for burglary. Hess' argument ignores the fact that burglary is a lesser included offense of aggravated burglary. *State v. Kilby* (1977), 50 Ohio St.2d 21, 361 N.E.2d 1336, paragraph two of the syllabus. A person may be convicted of an offense not contained in the indictment if that offense is a lesser included offense of a charged offense. *See Gunnell v. Lazaroff* (2000), 90 Ohio St.3d 76, 734 N.E.2d 829. Accordingly, Hess's argument that the trial court made an improper *de facto* amendment to his indictment when it sentenced him for burglary is meritless.

> Hess then argues the trial court erred when instructing the jury. The trial court instructed the jury on the offense of aggravated burglary as follows:

> "Count A, aggravated burglary. The Defendant is charge [sic] with aggravated burglary. Before you can find the Defendant guilty you must find beyond a reasonable doubt that on or about May 9th, 2002, at Jefferson County, Ohio, that the Defendant, David Hess, did by force, stealth or deception trespass in an occupied structure or separately secured or separately occupied portion of an occupied structure with purpose to commit therein a criminal offense.

12

"If you find Defendant guilty of Count A then you will separately determine whether or not the State of Ohio has proven beyond a reasonable doubt that the offense was committed while another person other than an accomplice of the offender was present.

"If you find Defendant guilty of Count A then you will separately determine whether or not the State of Ohio has proven beyond a reasonable doubt that the offense when the offense was committed that the Defendant had a deadly weapon on or about his person or under his control." Tr. at 326-327.

R.C. 2911.11(A) defines aggravated burglary as follows:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control." *Id.*

The trial court sentenced Hess for burglary under R.C. 2911.12(A)(3) which is defined as follows:

"(A) No person, by force, stealth, or deception, shall * * *

"(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense." *Id.*

As can be seen, aggravated burglary contains two more elements than burglary. In order to be convicted of aggravated burglary, a person

13

other than the defendant's accomplice must be present in the structure when the offense is committed and either of the elements in R.C. 2929.11(A)(1) or (2) must be present in addition to the regular burglary elements. What is significant in this case is that the trial court made these additional elements of aggravated burglary additional findings rather than describing them as elements of the offense. In other words, the trial court told the jury that the elements of burglary were the elements of aggravated burglary and that it should only make the additional findings if it found him guilty of aggravated burglary.

While the trial court's instruction to the jury was error, we will not vacate Hess' conviction since he was not prejudiced by this error. The trial court told the jury it was instructing it on the offense of aggravated burglary, but then gave the jury the elements of the lesser included offense of burglary. The jury clearly indicated with its findings that it found Hess guilty of the elements of burglary, but not guilty of all the elements comprising aggravated burglary. The trial court then sentenced Hess for burglary, the offense which matched the elements of the crime the jury found Hess guilty of. In some cases, there might be a concern when a court tells a jury that the elements of one crime are actually the elements of a different crime. But since burglary is a lesser included offense of aggravated burglary and we know exactly which elements the jury found Hess guilty of committing, those concerns do not apply in this case. The jury found Hess guilty of all the elements of burglary as defined at R.C. 2911.12(A)(3). Accordingly, in this case the trial court properly sentenced him for that offense. Hess' arguments relating to these alleged errors are meritless.

Exhibit 10 to Return of Writ. Again, the decision of the state appellate court is entitled to a presumption of correctness pursuant to 28 U.S.C. §2254(d), (e), and petitioner has failed to establish that the decision of the state appellate court is so unreasonable as to justify federal habeas corpus relief.

Errors in jury instructions cannot be raised in federal habeas corpus unless they deprive petitioner of a fundamentally fair trial. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *see also*

*Wood v. Marshall*, 790 F.2d 548, 551-52 (6th Cir. 1986), *cert. denied*, 479 U.S. 1036 (1987); *Thomas v. Arn*, 704 F.2d 865, 868-69 (6th Cir. 1983).  A habeas petitioner challenging jury instructions must establish that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).  An omission or an incomplete instruction is less likely to be prejudicial than a misstatement of law. *Henderson,* 431 U.S. at 155.  The record fails to reflect that the jury instructions that were issued in this case were so unfair as to deny petitioner a fair trial.  As noted by the state appellate court, although the trial court erroneously instructed the jury on the elements of the offense of aggravated burglary, petitioner cannot establish any prejudice thereby, since he was convicted and sentenced under the appropriate jury instructions for the lesser included offense of burglary.

Claims two, three, and six are without merit.

### IV.  CLAIMS FOUR AND FIVE

In claim four, petitioner asserts that the evidence is constitutionally insufficient evidence to sustain his conviction on burglary.  In claim five, petitioner asserts that the evidence is constitutionally insufficient to sustain his conviction on carrying a concealed weapon.  Petitioner argued on direct appeal only that the convictions were against the manifest weight of the evidence, not that there was constitutionally insufficient evidence to convict.  Since only a state law claim, not a constitutional claim, was presented to the Ohio courts, respondent maintains that these claims are procedurally defaulted.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims

to the highest court of the state for consideration.  28 U.S.C. §2254(b), (c).  If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies.  *Id.; Anderson v. Harless*, 459  U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error.  *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is  precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule."  *Id*.  Second, the Court must determine whether the state courts actually enforced the state procedural sanction.  *Id.*  Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.  *Id*.  Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.  *Id*.  This "cause and prejudice" analysis also applies to failures to raise or preserve issues for review at the appellate level.  *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985).

Petitioner's insufficiency of the evidence claims are readily apparent from the face of the

16

record and therefore should have been raised on direct appeal, but were not.  Petitioner asserted on direct appeal solely that his convictions were against the manifest weight of the evidence.  Such claim is not appropriate for federal habeas corpus review.  *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983).  Further, petitioner may now no longer present his insufficiency of the evidence claims to the state courts under Ohio's doctrine of *res judicata*.  *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967).  The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of petitioner's procedural default.  This Court deems the first and second parts of *Maupin* to have been met.

The Court must next decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims.  This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims.  *See Maupin v. Smith*, 785 F.2d at 138.  Under this analysis, the procedural rules barring petitioner's claims for relief constitute adequate and independent state grounds for denying relief.  The state courts must be given a full and fair opportunity to remedy alleged constitutional defects.  The requirement that all available claims be asserted at the first opportunity to do so serves the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity.  Finally, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine.  *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra.*

The Court concludes that petitioner has waived his right to present claims four and five for

17

federal habeas review.  Petitioner can still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges.  As cause for his procedural defaults, petitioner asserts the ineffective assistance of appellate counsel.  The ineffective assistance of counsel may constitute cause for a procedural default, so long has such claim has been presented to the state courts and is not itself procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner failed to present to the state courts his claim of ineffective assistance of appellate counsel for failure to raise on appeal an issue of insufficient evidence to sustain petitioner's burglary conviction.  *See* Exhibit 14.  Such claim therefore cannot constitute cause for petitioner's procedural default of claim four.  *See id.*  Accordingly, the Magistrate Judge **RECOMMENDS** that claim four be **DISMISSED** as procedurally barred.  However, petitioner did assert in his 26(B) application the ineffective assistance of appellate counsel for failure to raise on appeal an issue of insufficient evidence to sustain petitioner's conviction on the carrying a concealed weapon.  The state appellate court, however, refused to address the merits of such claim as follows:

> In his application for reopening, Hess lists ten assignments of error. But his application contains no arguments in support of his proposed assignments of error.  Without some explanation of why counsel was ineffective for failing to raise these assignments of error, we cannot grant Hess's application for reopening.
>
> Finally, Hess's claims are barred by the doctrine of *res judicata*. During his direct appeal, Hess expressed dissatisfaction with his counsel's representation.    Accordingly, we allowed him to supplement his counsel's brief with further assignments of error.  We then addressed the arguments he raised in our opinion.    The assignments of error which Hess now wishes to argue could have been raised in his supplemental brief.

"*Res judicata* may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal." *State v. Houston* (1995), 73 Ohio St.3d 346, 347. We have previously applied the doctrine of *res judicata* to claims of ineffective assistance of appellate counsel made in an App.R. 26(B) application for reopening when an applicant has previously filed a pro-se supplemental brief and assignments of error on direct appeal and are not the only appellate court to have done so. *See State v. Bellish* (Mar. 31, 1998), 7th Dist. No. 87 C.A. 78; *see also State v. Fanning*, 8th Dist. Nos. 71189, 2002-Ohio-4888, ¶6. Each argument that Hess claims his counsel was ineffective for not raising was an issue Hess either raised or had an opportunity to raise in his supplemental brief. We will not reopen this appeal to allow Hess to have a second bite at the apple.

Exhibit 15 to Return of Writ.

Respondent argues that petitioner's ineffective assistance of counsel claim therefore is procedurally defaulted and cannot constitute cause for petitioner's procedural default of claim five. This Court is not persuaded by respondent's argument. As discussed, under the third part of *Maupin*, the state procedural rule barring petitioner's ineffective assistance of appellate claim must constitute an adequate and independent state ground to deny relief. To be adequate, the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991); *Hutchison v. Bell*, 303 F.3d 720, 735-36 (6th Cir. 2002). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Ford v. Georgia, supra,* 498 U.S. at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348-351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964). It does not appear that Ohio regularly and consistently refuses to permit criminal defendants from raising claims in a 26(B) application under *res judicata* because the defendant previously was

19

permitted to file a *pro se* supplemental appellate brief. Further, respondent has referred to no other Ohio cases indicating that such a rule is regularly or consistently enforced. In view of the foregoing, the Magistrate Judge will consider the merits of petitioner's claim of ineffective assistance of appellate counsel claim for failure to raise on appeal an issue of insufficient evidence to sustain petitioner's conviction on carrying a concealed weapon in order to determine if petitioner can establish prejudice. However, the transcript of trial proceedings is not a part of the record before this Court. Because review of the trial transcript would be helpful to the Court's consideration of such issue, the Magistrate Judge **RECOMMENDS** that respondent be **DIRECTED** to provide a copy of the trial transcript within twenty (20) days of the date of this order. The Magistrate Judge will then review the trial transcript and issue a *Report and Recommendation* addressing claim five.

## V. CLAIM SEVEN

In claim seven, petitioner asserts the ineffective assistance of counsel due to his attorney's failure to object to an alleged breach of agreement by the prosecutor, failure to request removal of a juror because the juror waved to the prosecutor during trial, failure to object to jury instructions as improper and constituting an improper amendment of the indictment by the trial judge, failure to object to improper jury instructions, and failure to request a judgment of acquittal on the basis of insufficient evidence to establish that petitioner carried a concealed weapon. These claims are readily apparent from the face of the record, and therefore should have been raised on direct appeal; however, petitioner first presented such claims to the state courts in his petition for post conviction relief, which apparently is still pending before the state trial court. It is the contention of the respondent that this Court therefore must either dismiss the instant habeas corpus petition as

unexhausted, or dismiss such claims on the basis of procedural default.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

However, petitioner filed his petition for post conviction relief on March 4, 2003. Exhibit 19 to Return of Writ. On September 17, 2004, petitioner amended his petition to include new claims. Exhibit 21 to Return of Writ. On December 22, 2004, petitioner filed a motion to compel the trial court to rule on his post conviction petition. Exhibit 22 to Return of Writ. Additionally, petitioner states that he has filed a petition for a writ of mandamus with the Seventh District Court of Appeals. *See Petitioner's Response to Respondent's Supplemental Brief*, Doc. No. 16. Still, the trial court apparently has yet to rule on petitioner's post conviction petition.

In *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005), the United States Court of Appeals for the Sixth Circuit excused the exhaustion requirement where the defendant waited eleven years for a decision on his appeal. The Sixth Circuit held:

21

> [A] *habeas* court should excuse exhaustion where further action in state court "would be an exercise in futility." *Lucas v. People of the State of Michigan,* 420 F.2d 259, 262 (6th Cir.1970) (holding that "such a judicial runaround is not mandated" by the exhaustion requirement)....
>
> The exhaustion requirement is based on principles of comity and federalism. It provides state courts an opportunity to address alleged flaws in their criminal procedures. The requirement is based on the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights. *Workman v. Tate,* 957 F.2d 1339, 1344 (6th Cir.1992) ("[T]he principle that federal courts should defer to state courts in the interest of comity assumes that the state courts will give prompt consideration to claims of violation of constitutional rights.").

*Id.,* at 724.  Where the state courts fail to give prompt consideration to a criminal defendant's claims, the presumption of adequate and effective remedies at the state level is defeated.  *Id.*; *see also Workman v. Tate,* 957 F.2d 1339, 1344 (6th Cir. 1992)(exhaustion requirement excused where "petition for post-conviction relief... languished in state court for more than three years."); *Carpenter v. Young,* 50 F.3d 869, 870 (10th Cir. 1995)(more than two year delay in adjudication of appeal excused exhaustion requirement "unless the state can establish that the delay in adjudicating petitioner's appeal is justified." *Id.*, citing *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir.1994).

> In *Harris v. Champion,* 938 F.2d 1062, 1066 (10th Cir.1991), the Court of Appeals for the Tenth Circuit held that the failure of the Oklahoma public defender to pursue the petitioner's state court appeal excused the petitioner from satisfying the exhaustion requirement of 28 U.S.C. § 2254 where such failure resulted in a projected four-year delay in the petitioner's case.

*Turner v. Bagley, supra,* 401 F.3d at 724-25.  Here, respondent does not attempt to explain the state court's delay in considering petitioner's March 2003 petition for post conviction relief.  No reason for the delay is apparent from a review of the state court docket and the other exhibits submitted by

respondent. Under such circumstances, the Magistrate Judge concludes that a dismissal or stay of proceedings awaiting a decision from the state trial court on petitioner's petition for post conviction relief is not appropriate.

Further, as previously discussed, petitioner's allegations in claim seven are on the record claims that should have been raised on direct appeal, but were not, and therefore would be barred from consideration in post conviction under Ohio's doctrine of *res judicata*. *See State v. Perry, supra*, 10 Ohio St.2d at 180. For the reasons discussed, *supra,* the Court therefore likewise concludes that claim seven, in any event, is procedurally defaulted. Petitioner has failed to establish cause or prejudice for his procedural default of claim seven.

In sum, in view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that claims one through four, and claims six and seven be **DISMISSED,** and that respondent be **DIRECTED** to provide a copy of the state trial transcript within twenty (20) days of the date of this order so that the Court may properly consider whether petitioner has established cause and prejudice for his procedural default of claim five.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

23

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge

24